AMOS T. THOMPSON *vs.* CORNELIUS H. OAKES *& al.*

Although it is essential to the validity of an extent, that it should show, that the debtor was duly notified to choose an appraiser; yet such notice may be implied from the return of the officer, that the debtor *had neglected and refused* to choose an appraiser.

*Thompson,* in his petition for partition, claimed three undivided fourth parts of a tract of land in *Eden.* In a statement of facts, referring to the petition, execution and levy, it was agreed, that the petitioner was entitled to two fourth parts; and if there was a fatal defect in a levy upon another fourth part, so that no title passed by that levy, then that he was entitled to an additional fourth part. The objection relied on to defeat the levy was, that the debtor had not been duly notified, as the statute requires, that he might avail himself of his right to choose one of the appraisers. The portion of the officer's return relating to the choice of appraisers was in these words. " Three disinterested and discreet men, being freeholders in said county of *Hancock,* viz:— *Abraham Thomas,* chosen by the creditor, *David Ireland,* chosen by myself, and *Leonard J. Thomas,* by me, for the said *John Thompson,* debtor, who neglected and refused to choose." If the levy was good, the petitioner was to have judgment for two-fourths; if it was invalid, then for the three-fourths claimed.

The case was briefly argued by *Hathaway,* for the petitioners, who cited and relied on the case, *Means* v. *Osgood,* 7 *Greenl.* 146; and by *T. Robinson,* for the respondents, who cited *Blanchard* v. *Brooks,* 12 *Pick.* 47, as in direct contradiction to *Means* v. *Osgood;* and who also contended, that if the remarks of the Court in the latter case were to be considered as law to their utmost latitude, that the levy was good, because even if a man could neglect to choose, when no opportunity had been given him to act, still he could not *refuse* to choose his appraiser, unless he had been requested so to do.

The opinion of the Court was delivered by

WESTON C. J. — The opinion of the Court is, that from the return of the officer, that the debtor neglected and refused to appoint an appraiser, notice to him to do so, is to be implied. So

this Court decided in the case of *Sturdevant* v. *Sweetser et al.,* 3 *Fairf.* 520, to which we refer. We also refer to the case of *Bugnon* v. *Howes, ante* 154, without repeating the reasons upon which the judgment of the Court in those cases was founded. The petitioner is accordingly entitled to two-fourths of the premises, of which partition is sought, in conformity with which, judgment for partition is to be entered.